[No. 17520.   Department One.   March 22, 1923.]

JACK REGENVETTER, *Respondent*, v. MARY E. REGEN-
VETTER, *Appellant*.[1]

DIVORCE (104)—CUSTODY OF CHILDREN—SUPPORT—MODIFICATION OF
DECREE.  Where a husband, awarded the custody of a daughter, was
unfit to have the custody of a child, especially a girl, the decree
will be modified by awarding the mother custody and her allowance
for support increased.

Appeal from a judgment of the superior court for
Skagit county, Brawley, J., entered April 5, 1922, upon
findings in favor of the plaintiff, in an action for di-
vorce, tried to the court.   Modified.

*R. V. Welts,* for appellant.

*Shrauger & Henderson,* for respondent.

MACKINTOSH, J.—The 795 page log which records
the shipwreck of this domestic bark reveals much rainy
and stormy weather, and appellant claims it also shows
the court was in error in granting the divorce to the
respondent and not to her, in giving the custody of
one of the two young daughters to the respondent, and
in allowing her so little property, and for these reasons
appeals from the decree.

After examination of the feculent and revolting
wrack, it is not necessary to further disturb it than to
report that it discloses a condition where a divorce
was imperative.   While the appellant probably was
the more entitled to findings in her favor than was the
respondent, it is unnecessary to alter the decree in that
respect, for, after all, the divorce is the thing.

We cannot, however, agree with the trial court's
findings in regard to the custody of the children or
of the allowance made to the appellant for their sup-

[1] Reported in 213 Pac. 917.

port. We cannot help but feel that the conduct of the respondent was such which proves him unfit to have the care and custody of a minor child, especially a girl.

We, therefore, modify the decree to the extent that appellant be allowed the care, custody and control of both daughters, and that the allowance to be paid by the respondent for their support shall be increased to the sum of $50 a month, to be paid so long as the children are in the appellant's care and custody, with a provision in the decree that the respondent may, at reasonable times, have the right to see his children, and that the decree be open to modification upon changed conditions that may arise hereafter. To this extent the decree of the superior court is altered.

MAIN, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.